## NEWTON KENDALL AND LEVY DONAHUE v. HENRY SCHEVE.

ARRESTING ONE AS DESERTER FROM U. S. ARMY WHO IS NOT, MAKES OFFICER LIABLE.

A police officer under the provisions of sec. 1849 or 7129, Rev. Stat., or as a private individual under sec. 7130, is not authorized, on mere suspicion, and without a warrant therefor, to arrest and confine a person on the charge of being a deserter from the United States Army—especially is this the case when the person so arrested is not guilty of the charge.   The person making such arrest is liable to an action therefor, by the person arrested, and $100 damage is not excessive.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The principal question which is presented in this case, is as to the right of a police officer to arrest without warrant, and on mere suspicion, a person whom he believes is a deserter from the United States Army.   Did the court of common pleas, on the pleadings and evidence, err in refusing to sustain the motion of the plaintiff in error, to set aside the verdict rendered against them, and grant a new trial, on the ground that it was against the law and the evidence, and that the damages were excessive?

The petition of Scheve alleged that the defendants were police officers of the city of Cincinnati, and that on the 13th day of July, 1887, they arrested and imprisoned the plaintiff, and deprived him of his liberty for one day, unlawfully and with force, on a pretended charge of desertion from the United States Army. That plaintiff was thereby prevented from attending to his business during said time, and incurred an expense of $50.00, in obtaining his discharge, and suffered damage to the amount of $10,000.

The answer of the defendants alleged that at the time named in the petition, they were police officers of the city of Cincinnati, and that while acting as such they were informed by the United States recruiting officer of this city, that the plaintiff was a deserter from the regular army of the United States, and by the request of such officer, the defendants believing such information to be true, and acting thereon, arrested the plaintiff.

The evidence, as shown by the bill of exceptions, disclosed this state of fact:   That on the day named, the defendants, without any warrant, and not by the direction of a superior officer, went to the house of the plaintiff in the evening, arrested and took him to the station house, where he was confined all night, and on the following day they took him to the recruiting office of the United States on Fourth street, and there discharged him from arrest.   When they arrested him they told him that it was on the charge that he was a deserter. It clearly appeared from the evidence that he was not a deserter—that he had only been examined by the examining surgeon of the United States and rejected.   There was no proof whatever that he was arrested at the request of the United States authorities, or that defendant had been informed by any such authority that plaintiff was a deserter from the army.   The only reason assigned by them for his arrest was, that they had heard he was a deserter, and had obtained from some one, a printed description of an alleged deserter, and thought that the plaintiff answered the description, and relying on that they had acted accordingly.   It was also shown that they treated the plaintiff kindly while he was in their custody.

Were the defendants, as police officers, on this state of fact, justified in acting as they did?

Section 1849, Rev. Stat., authorizes the marshal and other police officers, "to arrest any person in the act of committing any offense against the laws of the state or ordinances of the corporation." Section 7129, authorizes any police officer, "to arrest and detain any person found violating any law of the state, or any legal ordinance of a city or village until a legal warrant can be obtained." And sec. 7130, provides that, "when a felony has been committed, any person may without warrant arrest another, who he believes, and has reasonable ground to believe, is guilty of the offense, and may detain him until a legal warrant can be obtained." These are the only statutory provisions with which we are familiar providing for the arrest of a person without a warrant, either by an officer or a private person.

It is clear, we think, that neither sec. 1849, or sec. 7129 gave any right whatever to the defendants as police officers to arrest the plaintiff. There is no pretense that he was, when arrested, in the act of committing any offense, or was found violating any law of this state, or any ordinance of the city, or that defendants believed or had any reasonable ground to believe that such was the case. Nor was there any warrant for their action under sec. 7130 as private individuals. No felony had been committed by the plaintiff, nor so far as appears by any one, even if desertion from the United States army was such an offense as is designated by that term in sec. 7130, above quoted, which as is shown by the decision of the supreme court of the United States (115 U. S., 504), is not so. In that case the syllabus is: "A police officer of a state, or a citizen, has no authority as such, without any warrant or military order, to arrest and detain a deserter from the army of the United States." And Justice Gray in delivering the opinion of the court says: "The rule of the common law that a peace officer or a private citizen may arrest a felon without a warrant, has been generally held by the courts of the several states to be in force, in cases of felony punishable by the civil tribunals. But that rule has never, so far as we are informed, been judicially extended to the case of an offender against the military law, punishable exclusively by court martial."

Judge Swan, in his Treatise, states the law thus: "If no offense has in fact been committed, and a private individual arrests without warrant, such arrest is illegal, though a constable or other officer would, even in such case, be justified in making the arrest without warrant, provided he acted on information from another, which he had reason to rely upon. The mere suspicion, however, of the officer, without a warrant, and without any direct charge being made by a citizen, and where no offense was in fact committed, will not justify the officer in arresting an innocent person."

If, since the enactment of the sections of the statutes quoted, this is a correct statement of the law as it now stands, it is manifest that under it, the defendants were not justified in their action. As has been said, no crime in fact was shown to have been committed by any one—the plaintiff was certainly not a deserter—the defendants acted on mere suspicion and without any one having preferred a charge against the plaintiff, and they clearly overstepped the line of their duty in arresting, without a warrant, a person whom they suspected of being a deserter, and who was not, at the time, violating any law or ordinance.

The defendants were properly allowed to show the facts under which the arrest was made in mitigation of damages. But the evidence fully supported the verdict of the jury, and we think that the damages allowed ($100), in view of the facts shown, were not excessive, or so great as to give rise to the opinion that it was given under the influence of passion or prejudice. The judgment will be affirmed with costs, but without penalty.

E. E. Roney, for plaintiff in error.

Kary & Donohue, for defendant in error.